## Illinois Central Railroad Company, et al. v. Taylor, et al.

(Decided February 7, 1919.)

### Appeal from Daviess Circuit Court.

Appeal and Error—Railroads—Deeds—Right of Way—Finding of Chancellor—Evidence—Sufficiency.—In an action between a lot owner and a railroad company, involving the proper location of a right of way, evidence held not to support the location made by the chancellor and a proper judgment directed.

W. P. SANDIDGE and TRABUE, DOOLAN & COX for appellants.

W. T. ELLIS and J. J. SWEENEY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is the second appeal of this case. The opinion on the former appeal may be found in 164 Ky. 150, 175 S. W. 26. 165 Ky. 503, 177 S. W. 293.

Appellees are the owners of a lot containing 4.51 acres subject to "the right of way for railroad purposes as now established," which right of way was conveyed to appellants' predecessor in title, by deed dated July 5, 1892. On the first trial, appellants were awarded a right of way through the lot sixty-six feet in width, and appellees were adjudged to be the owners of the remainder of the lot. On appeal we held that appellants' right of way included not only the land occupied by the tracks, switches and buildings thereon, but also such additional land as was necessary to the appropriate use of such tracks, switches and buildings, in the operation of the railroad at the time the deed was made. In view of the fact that the case had not been prepared on this issue, the case was remanded in order that the parties might take further proof if they desired. On the return of the case the court rendered a judgment giving the railroad com-

panies a right of way over the lot, about forty-nine feet wide at one end and thirty-five feet wide at the other. The railroad companies again appeal.

The evidence furnished by appellants as to the number of buildings, tracks, etc., on the lot and their location at the time the deed was made, is much more satisfactory than the evidence for appellees. This evidence was given by men whose duties required them to be on the lot at that time, and who had every opportunity to observe the conditions then existing. On the other hand, the evidence for appellees was given by witnesses, two of whom were mere boys when the deed was made, and the third did not move into the neighborhood until several years after that time. Viewing the judgment in the light of the testimony of these witnesses, we conclude that it falls short of giving to appellants all the right of way to which they are entitled.

On the return of the case the court will enter judgment, giving to appellants the following right of way: Beginning on the east side of Triplett street, at a point 70 feet north of the north end of the cross-ties under a switch track now at said place; thence east at right angles to Triplett street and 70 feet from the north end of the cross-ties, a distance of 250 feet; thence south and at right angles to a point 30 feet from the north end of the cross-ties; thence east and at right angles to the prior line to the eastern line of the lot in question; thence south with said eastern line to the southeast corner of the lot; thence with the south line of the lot to the east side of Triplett street; thence north with the east side of Triplett street to the place of beginning. At the same time, appellees will be adjudged the owners of the remainder of the lot.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.